# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

January 17, 2023

Mr. Raphael M. Scheetz
Suite 1010
425 Second Street, S.E.
Cedar Rapids, IA 52401-0000

RE: 21-3781 United States v. Romel Murphy

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                                      Michael E. Gans
                                                      Clerk of Court

NDG

Enclosure(s)

cc:    Mr. Clerk, U.S. District Court, Northern Iowa
       Ms. Kyndra Lundquist
       Mr. Romel Murphy

          District Court/Agency Case Number(s): 1:20-cr-00006-CJW-1

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3781
_____

United States of America

*Plaintiff - Appellee*

v.

Romel Murphy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 17, 2022
Filed: January 17, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

    Romel C. Murphy pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, pursuant to a plea agreement. The agreement required him to make

restitution under 18 U.S.C. §§ 3663 and 3663A. He appeals, objecting to the restitution amount.[1] Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Murphy defrauded clients by soliciting funds for music performances by famous artists, but then keeping the funds for himself. His plea agreement required paying the "full amount of the victims' losses," with specific amounts to be "investigated during the course of preparation of the presentence investigation report." Murphy objected to the loss amount in the draft PSR, noting that the parties would attempt to resolve the disagreement before sentencing. The final PSR recommended that Murphy pay total losses of $410,582.

At sentencing, the district court initially said that the total restitution was $411,908.23. It immediately corrected the number to $410,908.23. Relying on an email from the government (copied to Murphy, but not in the record), the court read an itemized list of the amounts payable, naming each victim. The court again said the total was $410,908.23. But the itemized amounts actually totaled $414,433.23. Later during the sentencing hearing, the court set a restitution amount at $414,433.23. Defense counsel agreed to the amount.

Murphy argues that the district court clearly erred by awarding more restitution than the record supports, which he claims is $400,582. Murphy waived this argument by agreeing to the amount ordered by the district court.

Waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Waiving a right or privilege "'extinguish[es]' any potential error and leaves nothing to correct" on appeal. *United States v. Evenson*, 864 F.3d 981, 983 (8th Cir. 2017), *quoting United States v. Olano*, 507 U.S. 725, 732-33 (1993). *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016) ("Waiver precludes appellate review."). *See*

---

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

-2-

Case 1:20-cr-00006-CJW-MAR    Document 115    Filed 01/17/23    Page 3 of 5
Appellate Case: 21-3781    Page: 2    Date Filed: 01/17/2023 Entry ID: 5236033

*generally United States v. Campbell*, 764 F.3d 874, 878 (8th Cir. 2014) (invited error where the court announces an intent to take a certain act and defense counsel "specifically approves" that action), *quoting Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 868 (8th Cir. 2011).

Murphy stresses that he objected to the draft PSR. At sentencing, the district court stated its understanding that the parties had "resolved the restitution issues." The district court asked defense counsel if "the Court needs to rule on any of your objections." Defense counsel replied, "No, I do not believe the Court needs to rule on any of those objections." Later, defense counsel did "confirm" that the total was $414,433.23. He added "that those were the figures that were discussed with me ahead of this proceeding, and I had agreed to them." *See generally United States v. Harrison*, 393 F.3d 805, 808 (8th Cir. 2005) (finding that defendant waived his sentencing challenge because the judge had "repeatedly identified the issues," and the defense counsel still requested the sentence). By withdrawing his objections and agreeing to the amount of restitution, Murphy waived that argument on appeal. *See United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008) (denying review of a defendant's argument that the drug quantities attributed to him were incorrect because the defendant withdrew this objection to the PSR). *See generally United States v. Richardson*, 238 F.3d 837, 841 (7th Cir. 2001) (sentencing challenge waived when judge asked counsel if he objected to the sentencing enhancement, and he said no), *cited with approval in Harrison*, 393 F.3d at 807; *United States v. Schrimsher*, 58 F.3d 608, 609-10 (11th Cir. 1995) (finding that a defendant agreed to pay restitution "in excess of the amount contemplated by the plea agreement" by admission in the sentencing hearing). *Cf. United States v. Chalupnik*, 514 F.3d 748, 751, 752, 754-55 (8th Cir. 2008) (restitution amount reviewed for clear error where the defendant opposed the restitution in a Sentencing Memorandum and the record supported no amount); *United States v. Frazier*, 651 F.3d 899, 906 n.1, 911 (8th Cir. 2011) (restitution award reversed where defendant objected at sentencing to the amount exceeding actual loss).

\* \* \* \* \* \* \*

-3-

The judgment is affirmed.

_____

-4-

Case 1:20-cr-00006-CJW-MAR   Document 115   Filed 01/17/23   Page 5 of 5
Appellate Case: 21-3781   Page: 4   Date Filed: 01/17/2023 Entry ID: 5236033